IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
DEC 29 2014
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| SUMMER TIMMERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 14-5391 |
| v. | ) |
| | ) |
| HC RECOVERY, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, SUMMER TIMMERMAN, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, HC RECOVERY, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. SUMMER TIMMERMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Tucson, County of Pima, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to CIT/Amerifee (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed CIT/Amerifee was for a medical bill which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. HC RECOVERY, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant's principal place of business is located in the State of Arkansas. Defendant is incorporated in the State of Arkansas

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about September 26, 2014, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt from Plaintiff.

15. In the aforesaid letter, it stated, "your account has been reviewed by an attorney and selected for pursuit by all legal remedies available to recover the balance due. If payment is not received or if alternative arrangements are not made by 10/26/14 a lawsuit may be filed and a judgment may be entered against you."

16. Plaintiff did not make any payments or arrangement to pay the aforesaid Debt prior to October 26, 2014.

17. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt...

18. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

19. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

20. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

21. Upon information and belief, at the time of making the aforementioned threat, Defendant could not legally file a lawsuit against Plaintiff because the statute of limitations in which to file a lawsuit for the aforesaid Debt had expired, and any such case was time-barred.

22. In its attempts to collect the debt allegedly owed by Plaintiff to CIT/Amerifee, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

24. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SUMMER TIMMERMAN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
SUMMER TIMMERMAN

By: _____
Larry P. Smith
Attorney for Plaintiff

Dated: December 22, 2014

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com